**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIE EUGENE SOLOMON,

   Petitioner,

vs.            Case No. 3:09-cv-1279-J-32MCR
                  3:08-cr-232-J-16MCR

UNITED STATES OF AMERICA,

   Respondent

## ORDER

This case is before the Court on petitioner Willie Eugene Solomon's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) and Memorandum in Support (Doc. 2). The United States filed a response in opposition. (Doc. 6). Petitioner filed a reply to the government's motion, within which he requests an evidentiary hearing. (Doc. 7).

**I. Background**

On June 19, 2008, Petitioner was indicted, along with two co-defendants, on five counts of an eight-count Indictment. (Crim. Doc. 1.)[1] On October 15, 2008, Petitioner pled guilty to Counts One and Three of the Indictment; specifically, conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C.

---

[1]Citations to Petitioner's criminal case file, 3:08-cr-232-J-16MCR, are denoted as "Crim. Doc. ___." Citations to Petitioner's civil § 2255 case file, 3:09-cv-1279-J-32MCR, are denoted as "Doc. ___."

§§ 846 and 841(b)(1) (Count One) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three).  (Crim. Doc. 121.) Petitioner's guilty plea was entered pursuant to a written plea agreement he signed on October 3, 2008.[2] (Crim. Doc. 123.)  The plea agreement contains a two-page factual basis outlining the offense conduct. (Id. at 19-21.)  The Court accepted Petitioner's guilty plea and on February 12, 2009, the Court sentenced Petitioner to 60 month sentences on each of Counts One and Three, to run consecutively. (Crim. Doc. 164.)  Petitioner's conviction became final on February 27, 2009, when the time for filing a direct appeal had passed; thereafter, Petitioner timely filed this 2255 petition.[3]

## II.     Legal Standard

Title 28, United States Code, Section 2255, allows attack on a sentence on only four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentence was imposed without jurisdiction; (3) the sentence was imposed in excess of the maximum authorized by law; and (4) the sentence is

---

[2]   In exchange for Petitioner's plea, the government agreed to drop the remaining three counts of the Indictment.

[3]   Pursuant to the terms of the plea agreement, Petitioner did not file a direct appeal. The plea agreement also included a waiver of Petitioner's right to challenge his sentence by collateral attack.  However, the Government does not rely on the waiver in its opposition to Petitioner's 2255 motion because "the colloquy of the change of plea hearing does not define 'collateral attack' sufficiently that the government can rely on it as a knowing waiver." (Doc. 6 at 2, n. 2).  As such, the Court addresses Petitioner's motion on the merits.

otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

Petitioner challenges only his conviction and sentence on Count Three, claiming that he was denied his constitutional right to effective assistance of counsel.[4] An allegation of ineffective assistance of counsel must normally be raised by collateral attack. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). To establish an ineffective assistance of counsel claim a defendant must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984); and (2) that the defendant was prejudiced by the deficiencies in counsel's performance. Id. at 691-92. Judicial scrutiny of counsel's performance must be highly deferential. Id. at 689. The proper assessment of attorney performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. A court must afford a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance; a defendant must

---

[4] Petitioner expressly does not challenge his conviction and sentence on Count One. (Doc. 2 at 2).

overcome the presumption that, under the particular circumstances, the challenged action might be considered sound trial strategy. Id. (citation omitted). Moreover, a court need not address the adequacy of counsel's performance where the defendant has failed to show sufficient prejudice. Strickland, 466 U.S. at 697; Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). To satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

Finally, every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). A court must examine the "totality of the circumstances" in determining whether the counsel a defendant received was constitutionally sufficient. McCoy v. Newsome, 953 F.2d 1252, 1263 (11th Cir. 1992).

**III.   Discussion**

In his § 2255 petition, Petitioner contends that his counsel (1) failed to challenge the sufficiency of the Government's proof as to Count Three, of which Petitioner claims actual innocence, and (2) falsely advised Petitioner that his combined sentence on Counts One and Three would not exceed a combined five

years' imprisonment, thereby inducing Petitioner to plead guilty to both counts. As to the first point, Petitioner argues that his counsel "failed to investigate whether the indictment on count three could stand," and that "the evidence was insufficient for any reasonable jury to conclude beyond a reasonable doubt that petitioner actually or constructively possessed the firearm in question." (Doc. 2 at 4.) As to the second point, Petitioner claims that his counsel "assured Petitioner that the most time he was facing was five years." (Id. at 5.) Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, and the Eleventh Circuit's guidance in Patel v. United States, 252 Fed.App'x. 970, 975 (11th Cir. 2007), the Court has determined that no evidentiary hearing is necessary because both of Petitioner's claims are rebutted by the record. See Patel, 252 Fed.App'x. at 975.[5]

    A.    *Failure to Challenge Count Three*

The Petitioner notes that he was in custody at the time the firearms at issue in Count Three were confiscated, and contends that the government had no proof of any connection between those firearms and the drug crime with which he was charged

---

[5] In Patel, the Eleventh Circuit found that the district court erred in dismissing Patel's § 2255 claim – which alleged that counsel induced him to plead guilty by erroneously calculating his sentence exposure – based on a finding that it was barred by an appeal waiver nearly identical to the one signed by Petitioner in this case. In doing so, the Court stated: "Nevertheless, we need not vacate and remand this issue to the district court for an evidentiary hearing because the record is sufficient to permit meaningful appellate review as to this claim, and the record supports the conclusion that counsel was not ineffective for misleading Patel concerning his sentence or otherwise coerced him into pleading guilty." Id. at 975.

in Count One.  (Doc. 2 at 3.)  However, the record of Petitioner's change of plea hearing directly refutes this contention. The representations of a defendant at a plea hearing, along with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). As a result, a defendant bears a heavy burden to show that his statements under oath were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988); see also United States v. Switzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986)("[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.")

Petitioner consented to having his guilty plea taken before United States Magistrate Judge Monte Richardson.  (Crim. Doc. 122.)  During the plea colloquy, the Magistrate Judge heard a proffer of the facts the Government would offer at trial, which included the allegation that certain firearms were recovered from Petitioner's home pursuant to a search warrant.[6] The Magistrate Judge asked Petitioner if he had "any disagreement with what the government says happened," to which Petitioner replied, "No, sir."  (Crim. Doc. 199 at 30.)  The Magistrate Judge then addressed the

---

[6] Specifically, counsel for the Government stated that "[d]uring the search of the Solomon's home, 294 pounds of marijuana, $9360 in cash and four firearms were seized. Firearms included a Ruger mini 14 .223 caliber rifle, serial number 169-82582; a Bushmaster model XM15-E2S .223 caliber rifle, serial number BF1457797; and a Masterpiece Arms 9 millimeter pistol, serial number B1343."  (Crim. Doc. 199 at 29.)

6

personalization of the elements of Count 3 as to Petitioner:

> THE COURT:    With regard to Count 3, do you admit that the drug trafficking offense charged in Count 1 . . . Did you commit the drug trafficking offense charged in Count 1 of the indictment?
>
> DEFENDANT SOLOMON:    Yes, sir.
>
> THE COURT:    And that during the commission of that offense, did you knowingly possess the following firearms: A Ruger mini 14 .223 caliber rifle with a certain serial number, a Bushmaster model .223 caliber rifle with a certain serial number, and a 9 millimeter pistol with a certain serial number?
>
> DEFENDANT SOLOMON:    Yes, sir.
>
> THE COURT:    And did you possess the firearms in furtherance of a drug trafficking offense?
>
> DEFENDANT SOLOMON:    Yes, sir.

(Id. at 30-31.)  Despite these admissions, Petitioner now contends that because the indictment did not specify that he was being charged with constructive possession of the firearms at issue, the Government bore the burden of proving actual possession. He then cites Bailey v. U.S., 516 U.S. 137 (1995), *superseded by statute as described in* U.S. v. O'Brien, — U.S. ----, 130 S.Ct. 2169 (2010), for the proposition that he could not have actually possessed the firearms in furtherance of a drug trafficking crime because they were not on his person when they were recovered by police.  Petitioner misstates the law on both accounts.[7]  Further, Petitioner does not deny that the

---

[7] See 18 U.S.C. § 924(c)(1)(A)(providing that "any person who, during and in relation to any . . . drug trafficking crime (including a . . . drug trafficking crime that provides for an

firearms were his and that they were located in his house, nor does he take issue with any of the facts presented in the Government's proffer, which serve to satisfy the Government's burden as to constructive possession. His claim that counsel failed to investigate facts which Petitioner has admitted to be true is therefore baseless and cannot support a finding of ineffective assistance.

B.     *Erroneous Sentencing Advice*

Petitioner next claims that his counsel "assured Petitioner that the most time he was facing was five years," and that had he been aware of the time he was facing, he would have proceeded to trial. (Id. at 5.) During the change of plea colloquy, the Magistrate Judge specifically advised Petitioner that both Count One and Count Three were punishable by mandatory minimum terms of imprisonment of five years, to run consecutively:

---

enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, *or who, in furtherance of any such crime, possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years")(emphasis added); O'Brien, 130 S.Ct. at 2179 (noting that Bailey's holding "that the word 'use' in the pre-amendment version of § 924 'must connote more than mere possession of a firearm by a person who commits a drug offense'" was superseded by a 1998 amendment which added the word 'possesses' so as to indicate that "possession alone [can] trigger liability under § 924(c)(1)")(internal citation omitted); Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2010, Special Instruction 6 (Possession)("The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession . . . 'Constructive possession' of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.  The term 'possession' includes actual, constructive, sole, and joint possession.")

> THE COURT: Count 1 is punishable by a *minimum of five years*, up to 40 years in prison, a fine of $2 million, a term of supervised release of at least four years, and a special assessment of $100 . . . Count 3 is punishable by a *minimum mandatory of five years* in prison, up to life, *consecutive to any other term of imprisonment*, a fine of $250,000, a term of supervised release of up to five years, and a special assessment of $100.

(Crim. Doc. 199 at 15-16)(emphasis added). The Magistrate Judge asked if Petitioner understood the enumerated penalties and that such penalties were possible consequences of entering a guilty plea, and Petitioner answered affirmatively. (Id. at 18.) After a review of his plea agreement, Petitioner then pled guilty. (Id.) At the conclusion of the colloquy, the Magistrate Judge asked Petitioner whether "anyone made any promises or assurances to you of any kind to get you to plead guilty other than what is in your plea agreement;" Petitioner answered in the negative. (Id. at 32.) Likewise, Petitioner's counsel assured the Court that no such promises had been made. (Id.)

Subsequent to Petitioner's change of plea hearing but prior to his sentencing, Petitioner filed a Pro Se Motion to Preserve Right to Appeal, (Crim. Doc. 163), wherein he requested to preserve the right to appeal "Suppression hearing dated September 11th 2008 held before the Honorable Judge Monte C. Richardson and etc...." At the sentencing hearing, the Court questioned whether Petitioner's filing of such a motion, when his plea agreement waived his right to an appeal absent certain circumstances, indicated that Petitioner had not intelligently and knowingly pled guilty.

9

(Crim. Doc. 200 at 3.)  The Court informed Petitioner that if he wished to go to trial, he was free to do so.  Petitioner's counsel then responded: "Your Honor, when the Court just said if he wants to go to trial, Mr. Solomon immediately said no, sir, he does not want to go to trial." (Id. at 4.)  The Court then directed Petitioner to confer with his counsel about the matter, after which Petitioner withdrew his pro se motion and elected to proceed to sentencing.  (Id. at 4-5.)

The Court then proceeded to discuss the presentence report (PSR).  Petitioner did not object to the factual accuracy of the PSR, nor did he object to its application of the sentencing guidelines.  The Court therefore adopted the PSR and determined that the guidelines provided for "a sentence of imprisonment of 60 to 71 months – that's five years to five years and 11 months" as to Count One, *"followed by 60 months consecutive* on Count 3, which of course is the . . . gun charge."  (Id. at 7)(emphasis added).  Petitioner, though afforded the opportunity to do so, did not make a statement, though he did present a witness. Thereafter, Petitioner's counsel spoke on his behalf, stating:

> MR. HAINE:     Judge, there is a minimum mandatory sentence in this case, of course it's *five years followed by consecutive five on Count 3.* It's my understanding that the government is going to recommend that the sentence be that minimum mandatory sentence, and I would of course concur with the government's recommendation, Your Honor.

(Id. at 10-11)(emphasis added).  The Government concurred with the assessment of Petitioner's counsel: "Your Honor, Mr. Haine is correct as far as the *two minimum*

10

*mandatories which statutorily have to be run consecutively*. That is what we are recommending." (Id. at 12)(emphasis added).  Being fully advised, the Court sentenced Petitioner to consecutive 60-month terms.  (Id. at 13.)

After pronouncing, the Court then once more addressed Petitioner's plea agreement in the context of his right to an appeal, and afforded him the opportunity to revisit his plea:

> THE COURT:   And do you want to stick by your plea of guilty to Counts 1 and 3, even though you know you are waiving your right to appeal?
>
> DEFENDANT SOLOMON:   Yes, sir.

(Id. at 17.)  At the conclusion of sentencing, the Court and Petitioner had the following exchange:

> THE COURT:   You've been sentenced at the low end, very low end of the guidelines, very minimum, and I wish you luck.
>
> DEFENDANT SOLOMON:   Thank you, Your Honor.

(Id. at 18.)  This record demonstrates that Petitioner was fully advised of the sentence exposure he faced, and that he made no attempt to withdraw his guilty plea or to object to the sentence he received, despite ample opportunity to do so.  Thus, Petitioner's contention that his counsel provided ineffective sentencing advice is without merit.  Accordingly, it is hereby

**ORDERED**:

1. Willie Euguene Solomon's Motion to Vacate, Set Aside Sentence, or Correct

Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Willie Eugene Solomon, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of August, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record
pro se party